UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JERRY VAVOLD,<br><br>    Petitioner,<br><br>v.<br><br>RANDY BLADES, Warden,<br><br>    Respondent. | Case No. 1:09-CV-00566-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in this habeas corpus matter are Petitioner's Motion for Appointment of Counsel (Dkt. 12) and Respondent's Motion for Summary Dismissal on statute of limitations and procedural default grounds (Dkt. 6). Both parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. (Dkt. 9.) *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. Having reviewed the parties' arguments and the record in this matter, the Court enters the following Order.

## BACKGROUND

In November 1999, Petitioner pleaded guilty to and was convicted of lewd conduct with a minor, a violation of Idaho Code § 18-1508, in the Second Judicial District Court in Nez Perce County, Idaho. (State's Lodging A-1, pp. 27-29.) Petitioner received a

sentence of five years fixed with fifteen years indeterminate. The judgment of conviction was entered on November 17, 1999. (*Id.*, pp. 28-29.)

After conviction, Petitioner filed a direct appeal. The conviction and sentence were affirmed on appeal by the Idaho Court of Appeals, and the Idaho Supreme Court denied the petition for review on December 11, 2000. The remittitur was entered the same day. (State's Lodgings B-1 to B-8.)

After his direct appeal concluded, Petitioner had nothing pending in state court until he filed an application for post-conviction relief on November 26, 2007. (State's Lodging C-1, pp. 3-7.) Petitioner relied on *Estrada v. State*, 149 P.3d 833 (Idaho 2006), where the Idaho Supreme Court determined that the Sixth Amendment guaranteed the right to the assistance of counsel for advice regarding participation in a psychosexual evaluation for purposes of sentencing. *Id.* at 838.[1]

Petitioner's post-conviction application was dismissed as untimely by the state district court. (State's Lodging C-1, pp. 35-48.) On appeal, the Idaho Supreme Court affirmed the state district court's decision in an opinion issued on August 21, 2009, and the remittitur was issued on October 22, 2009. (State's Lodgings D-1 through D-7; *Vavold v. State*, 218 P.3d 388 (Idaho 2009).) In its opinion, the Idaho Supreme Court agreed with the state district court that Petitioner's post-conviction application was untimely, because it should have been filed within one year of the finality of direct

---

[1] The *Estrada* Court further clarified that this right "does not necessarily require the presence of counsel during the exam." *Id.* at 838 (italics in original).

**MEMORANDUM DECISION AND ORDER - 2**

appeal, in 2001, rather than in 2007, shortly after *Estrada* was issued. The Idaho Supreme Court also stated, "we note, admittedly by way of dicta, that we agree with the district court's conclusion that *Estrada* did not announce a new rule of law." *Vavold*, 218 P.3d at 390. That dicta became precedent in *Kriebel v. State*, 219 P.23 1204, 1207 (Idaho Ct. App. 2009), where it was determined that *Estrada* did not announce a new, retroactively-applicable rule.

Shortly after the Idaho Supreme Court's decision in his own case, Petitioner filed this federal habeas corpus action, on November 4, 2009. Respondent argues that the Petition should be summarily dismissed on grounds of untimeliness and procedural default. Because it does not appear that appointment of counsel would benefit the Court in the decisionmaking process, the Court will deny Petitioner's second request for appointment of counsel (Dkt. 12). Further, because the Court determines that the Petition is, in fact, untimely, the Court will not address Respondent's procedural default argument.

## MOTION TO DISMISS

**1.     Standard of Law**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In such case, the Court construes the facts in a light most favorable to the petitioner. It is appropriate for the Court to take judicial notice of court dockets from state

**MEMORANDUM DECISION AND ORDER - 3**

court proceedings. Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year statute of limitations for federal habeas corpus actions. *See* 28 U.S.C. § 2244(d)(1). Because Petitioner's federal habeas corpus petition was filed after AEDPA's enactment date, it is subject to the one-year statute of limitations.

Title 28 U.S.C. § 2244(d)(1) provides that the one-year statute of limitations is triggered by one of four events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AEDPA also contains a tolling provision that stops the one-year limitation period from running during the time in "which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The Ninth Circuit has interpreted 28 U.S.C. §

2244(d)(2) to mean that the one-year statute of limitation is tolled for "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (citation and internal quotation marks omitted).

However, once the federal statute of limitations has expired, a later-filed state court action will not serve to reinstate or resurrect the federal statute of limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) (petitioner was not entitled to tolling for state petitions filed after federal time limitation has run).

If, after applying statutory tolling, a petition is deemed untimely, a federal court can hear the claims only if the petitioner can establish that "equitable tolling" should be applied. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court clarified that,"[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id*. at 418. To qualify for equitable tolling a circumstance must have *caused* Petitioner to be unable to file his federal Petition in time. The petitioner bears the burden of bringing forward facts

to establish a basis for equitable tolling. *United States v. Marolf*, 173 F.3d 1213, 1318, n.3 (9th Cir. 1999).

**2.    Discussion**

The Idaho Supreme Court issued its remittitur in Petitioner's direct appeal on December 11, 2000. Petitioner could have filed a petition for writ of certiorari to the United Sates Supreme Court, and, thus, his federal statute of limitations did not begin running until the 90-day certiorari deadline had expired, on March 11, 2001.

Petitioner's federal statute of limitations ran for one year, from March 11, 2001, to March 11, 2002. Petitioner filed no state-law action that would have tolled the federal statute during that time period. When Petitioner filed his state post-conviction application in 2007, it was too late to toll the federal statute, and the filing did not restart the statute.

There is no set of facts in the Petition that would suggest that any other provision of 28 U.S.C. § 2244(d)(1) would come into play to permit Petitioner to argue that his statute of limitations started at a later date.

Petitioner argues that he was not aware of the Sixth Amendment violation addressed in *Estrada* until that decision was issued in 2007, and that fact should serve to either restart the statute of limitations for that claim or serve to equitably toll the statute. While it is true that Petitioner may have pursued his claim diligently in the state courts once he learned of it, there is no federal provision of law that restarts the statute when a *state* court issues an opinion addressing a federal constitutional issue. Notably,

**MEMORANDUM DECISION AND ORDER - 6**

§ 2244(d)(1)(C) (cited above) would *not* apply, because it is limited to decisions of the United States Supreme Court.² Similarly, § 2244(d)(1)(D) would not apply because, although the Idaho Supreme Court *case law* was "new," the *facts* supporting Petitioner's particular claim were *not* new and could have been brought either at the time of direct

---

² As noted above, in *Kriebel v. State*, 219 P.2d 1204 (Idaho Ct. App. 2009), the Idaho Court of Appeals addressed retroactive application of *Estrada*, concluding that *Estrada* did not apply retroactively because it did not announce a "new" rule, and, even if it did, it did not constitute a "watershed" rule of criminal procedure under *Teague v. Lane*, 489 U.S. 288 (1989) (plurality opinion). *Id*. at 1206-07. *Teague* established the principle that, absent certain narrow exceptions, new constitutional rules of criminal procedure that are decided after a defendant's conviction becomes final on direct appeal will not be applied retroactively to the defendant if he seeks collateral review of his conviction. 489 U.S. at 310. This non-retroactivity principle was adopted by a majority of the United States Supreme Court in *Penry v. Lynaugh*, 492 U.S. 302, 313 (1989), *abrogated on other grounds by Atkins v. Virginia*, 536 U.S. 304 (2002).

It is important to note that the issue of whether *Estrada* was deemed retroactive or not by the Idaho courts (there was some disagreement among district courts prior to the Idaho appellate courts settling that issue) does not directly bear on the question of whether a petitioner's federal habeas corpus statute of limitations has been met unless, as a result of the *Estrada* claim, the petitioner was actually granted different relief in the form of a new sentence, or the re-opening of a new direct appeal. *See Burton v. Stewart*, 549 U.S. 147, 156-57 (2007) (noting that if two different state court sentencing judgments were entered as to the same conviction, the federal statute of limitations would run from the later amended judgment); *see also Jimenez v. Quarterman*, 555 U.S. 113, 129 S.Ct. 681 (2009) ("We hold that, where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A). In such a case, 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review' must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal.") *Id*., 129 S.Ct. at 686-87.

appeal or in a post-conviction action filed within one year of the finality of Petitioner's direct appeal, which would have statutorily tolled the federal statute of limitations.

Petitioner also argues that he has established "extraordinary circumstances," such that equitable tolling should be applied to his case, because of the newness of *Estrada*. However, "extraordinary circumstances" refers to a set of facts, not a new state-court interpretation of law. *See Holland*, 130 S.Ct. at 2565. The Court cannot use the "extraordinary circumstances" exception to carve out an equitable exception for a new state-court interpretation of law to supplement the statute, when Congress excluded that exception when it considered the issue of timeliness, allowing only for instances where new United States Supreme Court cases are applied retroactively. *See* § 2244(d)(1)(C).

Here, Petitioner has pointed to no set of facts that could be deemed an "extraordinary circumstance" preventing him from filing his federal petition in time, nor has he shown that any set of facts is causally connected to missing the deadline, such that equitable tolling would be applicable.

### 3. Conclusion

Federal habeas corpus petitions are governed strictly by statute. Common sense alone might dictate a finding of timeliness where Petitioner diligently pursued his *Estrada* claim through the Idaho Supreme Court as soon as it was known to him, and then wasted no time in filing his *Estrada* claim in this Court. However, the federal habeas corpus statute prevents such a result, because Congress expressly intended habeas corpus to be a remedy of limited application, overriding a common-sense approach in favor of finality and deference to decisions of only the United States Supreme Court. Under the law, the Petition is untimely, and no factual circumstances exist that would merit application of equitable tolling. As a result, the Petition is subject to dismissal with prejudice.

### REVIEW OF THE CLAIMS AND THE COURT'S DECISION
### FOR PURPOSES OF CERTIFICATE OF APPEALABILITY

Upon dismissal or denial of a habeas corpus petition, the Court is required to evaluate the claims within the petition for suitability for issuance of a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); Rule 11(a), Rules Governing Section 2254 Cases. A petitioner's appeal cannot proceed without obtaining a COA and filing a timely notice of appeal.

A COA will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that, under this standard, a petitioner must show "that reasonable jurists could

debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation and punctuation omitted).

When a court has dismissed a petition or claim on procedural grounds, in addition to showing that the petition "states a valid claim of the denial of a constitutional right," as explained above, the petitioner must also show that reasonable jurists would find debatable whether the court was correct in its procedural ruling. *Slack,* 529 U.S. at 484. The COA standard "requires an overview of the claims in the habeas petition and a general assessment of their merits," but a court need not determine that the petitioner would prevail on appeal. *Miller-El*, 537 U.S. at 336.

Here, the Court has dismissed Petitioner's claims on procedural grounds. The Court finds that additional briefing on the COA is not necessary. Having reviewed the record thoroughly, the Court concludes that reasonable jurists would not find debatable the Court's decision on the procedural issues and that the issues presented are not adequate to deserve encouragement to proceed further. The Court has carefully searched the record and reviewed the law independently of what Respondent has provided to satisfy itself that justice has been done in this matter where Petitioner is representing himself pro se and has limited access to legal resources. As a result of all of the foregoing, the Court declines to grant a COA on any issue or claim in this action.

**MEMORANDUM DECISION AND ORDER - 10**

If he wishes to proceed to the United States Court of Appeals for the Ninth Circuit, Petitioner must file a notice of appeal in this Court, and simultaneously file a motion for COA in the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b), **within thirty (30) days after entry of this Order**.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Motion for Appointment of Counsel (Dkt. 12) is DENIED.

2. Respondent's Motion for Summary Dismissal (Dkt. 6) is GRANTED. Petitioner's Petition for Writ of Habeas Corpus is DISMISSED with prejudice.

3. The Court will not grant a Certificate of Appealability in this case. If Petitioner chooses to file a notice of appeal, the Clerk of Court is ordered to forward a copy of this Order, the record in this case, and Petitioner's notice of appeal, to the United States Court of Appeals for the Ninth Circuit.

DATED: **June 14, 2011**

Honorable Ronald E. Bush
U. S. Magistrate Judge